## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DEBRA ELIZABETH ANDREWS**            **PLAINTIFF**

V.            CAUSE NO. 3:22-cv-276-HTW-LGI

**1788 CHICKEN, LLC D/B/A**
**ZAXBY'S AND JOHN DOES 1-10**            **DEFENDANTS**

### COMPLAINT

COMES NOW Debra Elizabeth Andrews, Plaintiff in the above-styled and numbered cause, by and through her attorneys, and files this Complaint against Defendants, 1788 Chicken, LLC d/b/a Zaxby's and John Does 1-5, and in support thereof would show unto the Court the following matters and facts:

1. Plaintiff, Debra Elizabeth Andrews, is an adult resident citizen of Rankin County, Mississippi (city, county, state).

2. Defendant, 1788 Chicken, LLC d/b/a Zaxby's, hereinafter called Corporate Defendant, is a Texas corporation doing business in and duly licensed to do business in Mississippi and may be served with process through its registered agent, C.T. Corporation Systems at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232

3. Defendants John Does 1-10, are person(s) and/or company(ies) whose identities are presently unknown to Plaintiff. These unknown Defendants are identified as "John Doe"

4. This honorable Court has jurisdiction to hear this matter, a cause of action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII").

5. This honorable Court has personal jurisdiction over the Defendants as they reside within this state and this Court's District, and because they committed sufficient and specific acts in this state, namely, sexual harassment and discrimination.

6. Plaintiff began working for Corporate Defendant in the position of cashier in June 2021.

7. On or able July 6, 2021, Plaintiff was alone at the restaurant preparing to open. Other employees had not shown up at the time of the subject incident. Plaintiff called her District Manager, Corey Porter because she was the only employee there and Mr. Porter went to assist Plaintiff. As Mr. Porter and Plaintiff were preparing to open the store Mr. Porter asked Plaintiff if she needed a hug, and she replied that she did not like to be touched. On or about July 9, 2021, Plaintiff was alone washing dishes and Mr. Porter walked up behind her and hit her back. On or about July 13, 2021, Mr. Porter proceeded to grab Plaintiff's phone from her back pant's pocket several times and he stated that he was looking for her pictures. Mr. Porter proceeded to tell Plaintiff that he wanted to see her tattoos because he was thinking of getting his wife a tattoo on her buttock. He then proceeded to hit Plaintiff hard in her back. The General Manager observed Mr. Porter's actions on July 13, 2021 and told him that if Plaintiff did not come in the next day, he was not to say anything about it. Plaintiff informed the General Manager that if she resigned from her job, it would be because of Mr. Porter. The General Manager in turn offered Plaintiff one dollar more per hour. Later that day while Plaintiff was bent over Mr. Porter kneed her in the buttock; he then took Plaintiff's phone again this time holding it over his head, so Plaintiff was not able to reach it. Mr. Porter then told Plaintiff he was going to catch her slipping one day. There were at least two other employees present at this time. Plaintiff finished her shift and sent a text to the General Manager letting her know that she would not be returning.

8. The District Manager, Corey Porter, continuously and consistently made improper and lewd sexual comments and remarks to Plaintiff, and otherwise created a hostile working environment for Plaintiff because of Plaintiff's gender. The environment because so severe that Plaintiff was forced to resign from her position on or about July 13, 2021 and, thus, was constructively discharged. Plaintiff made Mr. Porter aware that she did not approve of his conduct from the beginning, but he continued to act in the manner. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a favorable determination. A true and correct copy of the Right to Sue Letter to Plaintiff is attached hereto as Exhibit "A". All other prerequisites to filing this suit have been met.

9. The facts previously set out give rise to a cause of action for discrimination as set forth in Title VII. According to Title VII, it is unlawful for an employer to discriminate against an employee on the basis of gender, or to otherwise create a hostile work environment for women. Corporate Defendant had no written policy dealing with sexual harassment.

10. Defendant, 1788 Chicken, LLC d/b/a Zaxby's discriminated against Plaintiff by creating and allowing a hostile work environment because of Plaintiff's gender. Corporate Defendant knew or reasonably should have known of the Supervisor's conduct. Plaintiff has been injured because of this discrimination for which Plaintiff seeks relief.

11. Plaintiff suffered damages because of the actions and inactions of Defendants, Defendants' conduct proximately cause Plaintiff to suffer severe emotional distress, mental anguish, indignation, wounded pride, shame and despair. Plaintiff was physically assaulted at least twice if not more by Mr. Porter. Plaintiff resigned her position after the incidents that occurred on or about July 13, 2021. The General Manager witnessed some of Mr. Porter's behavior; however,

her solution was to offer Plaintiff more money, which could be construed as a way to keep Plaintiff from filing a complaint against Mr. Porter.

12. The conduct of Mr. Porter described in this Complaint was willful and malicious so as to entitle the Plaintiff to recover exemplary damages to punish Defendants and to deter such conduct in the future. Plaintiff will show that, as a result of Defendants' conduct, Plaintiff has suffered loss of time and expenses, including reasonable attorney's fees incurred in this investigation and prosecution of this action. Accordingly, Plaintiff asks that exemplary damages be awarded against Defendants.

WHEREFORE, Plaintiff requests that Defendants be cited to appear in this action, and that after trial by jury, a judgment be entered granting Plaintiff the following:

1. Actual damages according to proof;
2. Punitive damages according to proof;
3. Mental anguish damages according to proof;
4. Pre-judgment and post-judgment interest at the legal rate;
5. Reasonable attorney's fees and costs of court; and
6. Such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Debra Elizabeth Andrews

/s/Kimberly S. Sweeney
Kimberly S. Sweeney (MS Bar No.: 104072)
The Law Office of Kimberly S. Sweeney, PLLC
P.O. Box 221
Ridgeland, MS 39158
Phone: (769)823-3733
ksweeneylawoffice@gmail.com