IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRAH ELIZABETH ANDREWS**                                            **PLAINTIFF**

vs.                                      **CIVIL ACTION No.: 3:22-cv-276-HTW-LGI**

**1788 CHICKEN, LLC D/B/A/ ZAXBY'S**
**AND JOHN DOES 1-10**                                                  **DEFENDANTS**

**ORDER**

BEFORE THIS COURT is Motion **[Docket no. 17]** of Defendant 1788 Chicken, LLC ("Defendant") to strike the sur-reply of Plaintiff Debra Elizabeth Andrews ("Plaintiff"). Defendant contends that Plaintiff's Sur-Reply is unauthorized and improper pursuant to Federal Rule of Civil Procedure 12(f).

Rule 12(f) states as follows:

Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Plaintiff has not filed a Response to the Defendant's Motion, which was filed on October 13, 2022, thereby rendering the response time as long overdue. Defendant filed a Motion for Judgment on the Pleadings on September 15, 2022. [Doc. 8]. After Plaintiff filed her response in opposition to Defendant's Motion on September 20, 2022, [Doc. 12], Defendant filed a reply in further support of its Motion on September 27, 2022. [Doc. 14]. While Local Rule 7(b)(4) allows the movant to file a reply, it does not authorize a non-movant to file a sur-reply. See L.U. Civ. R.

7(b)(4). Nevertheless, on October 4, 2022, Plaintiff filed a "Response to Defendant's Reply Brief" [Doc. 16], which this court construes as an unauthorized sur-reply.

Federal Rule of Civil Procedure 7 "contemplates only the filing of: 1) a motion; 2) a response; and 3) a reply (also referred to as a 'rebuttal')." *Brown v. Wiggins*, Civ. A. No. 3:18-cv-487-HTW-LRA, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019) (internal citation omitted). Similarly, Local Rule 7(b)(4) does not permit a non-movant to file an additional brief after the nonmovant files its initial response. See L.U. Civ. R. 7(b)(4); *Stewart v. Treasure Bay Casino*, No. 1:12CV197-LG-JCG, 2015 WL 11112501, *3 (S.D. Miss. Jan. 7, 2015) (holding that the local rules do not permit the filing of a sur-reply). "Leave of court is required to file an additional brief because, inter alia, the movant is generally entitled to file the last pleading." See: *Kennedy v. Jefferson Cnty., Miss. by and through Bd. of Supervisors*, Civ. A. No. 5:13-cv-226-DCB-MTP, 2014 WL 12773803, at *1 (S.D. Miss. Oct. 28, 2014) (citing *Pierce v. The Clarion Ledger*, 433 F. Supp. 2d 754, 760 n.7 (S.D. Miss. 2006) (emphasis added)); *Patton v. Bryant*, 2014 WL 36618 (S.D. Miss. Jan. 6, 2014) (striking sur-reply filed without leave of court); *Mims v. General Motors*, No. 3:09cv617-DPJ-FKB, 2011 WL 4454932, at *12 (S.D. Miss. Sept. 23, 2011) (same). "Surreplies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 n.2 (5th Cir. 2014) (quotation omitted); *see also United States ex rel. Rigsby v. State Farm Fire and Cas. Co.*, 2014 WL 12713070, at * 1 (S.D. Miss. Oct. 24, 2014) ("Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored as they usually are a strategic effort by the nonmovant to have the last word on the matter.") (quotation omitted); *Dedeaux v. Turner*, Civ. A. No. 1:18-cv-263-HSO-RHW, 2019 WL 8755118, at *1 (S.D. Miss. Nov. 14, 2019) (recognizing that non-movant's brief styled as a response to a reply brief "was, in effect, a sur-reply [filed] without first seeking leave of court.").

District courts, however, may grant a non-movant leave to file a sur-reply when the movant's reply addresses new theories or arguments to which the non-movant did not have an opportunity to respond. *See, e.g., Kennedy*, 2014 WL 12773803, at *1 ("Leave to file should be granted [only] when judicial experience and common sense deem it appropriate," including when "new arguments actually have been raised in the reply brief and [when] these arguments have been identified in the motion for leave to file."); *State Auto Property Cas. Ins. Co. v. Pendleton*, 3:16-CV-567-TSL-RHW, 2017 WL 5659992 (S.D. Miss. Aug. 18, 2017*); Elwood v. Cobra Collection Agency*, No. 2:06cv91-KS-JMR, 2006 WL 33694594, at *7 (S.D. Miss. Dec. 14, 2006); *Atkins v. Salazar,* No. 1:10CV40-SA-JAD, 2010 WL 3937960, at n.1 (N.D. Miss. Oct. 5, 2010).

Plaintiff herein did not request nor receive leave of court to file a surrebuttal. Understandably, Defendant's reply brief did not raise any new arguments. Plaintiff's sur-reply, then, is not anchored in relevant caselaw. Accordingly, this court hereby strikes Plaintiff's unauthorized sur-reply [Doc. 16].

**IT IS, THEREFORE, ORDERED that Defendant's Motion to Strike Plaintiff's Unauthorized Sur-Reply [Docket no. 17] is hereby GRANTED.**

**SO ORDERED this the 22nd day of August, 2023.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**