IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRA ELIZABETH ANDREWS**                                                          **PLAINTIFF**

vs.                                                   CIVIL ACTION No.: 3:22-CV-00276-HTW-LGI

**1788 CHICKEN, LLC D/B/A ZAXBY'S**                                          **DEFENDANTS**
**AND JOHN DOES 1-10**

### ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

BEFORE THIS COURT is [Docket No. 8], a motion by Defendant 1788 Chicken, LLC d/b/a Zaxby's ("Defendant" or "Zaxby's") for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure,[1] filed on September 15, 2022, [Docket No. 8], supported by Defendant's memorandum of points and law, [Docket No. 9]. Plaintiff, argues Defendant, failed to sign and file a "charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") until after the expiration of the statutory deadline, thus failing administratively to exhaust her claim. *Id.* Defendant argues that Plaintiff therefore failed to state a claim on which relief can be granted, warranting dismissal under Rule 12(b)(6)[2]. *Id.*

Plaintiff Debra Elizabeth Andrews ("Plaintiff") filed an opposition on September 20, 2022, [Docket No. 12], supported by Plaintiff's memorandum of points and law [Docket No. 13]. In it, Plaintiff argues her suit should not be dismissed for two reasons: (1) Plaintiff alleges the EEOC was at fault for the tardy signing of a formalized charge of discrimination, and "Plaintiff should

---

[1] "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

[2] "[A] party may assert the following defenses by motion: … failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

Page 1 of 20

not be punished," [Docket No. 13] at 3; and (2) Plaintiff alleges that she *did* file a charge with the EEOC by way of filling out an online intake questionnaire within days of Defendant's alleged discriminatory acts. *Id.*

Defendant filed a reply brief on September 27, 2022. [Docket No. 14]. Plaintiff filed an unauthorized sur-reply on October 4, 2022, [Docket No. 16], which this Court struck on Defendant's uncontested motion in this Court's order of August 22, 2023, [Docket Nos. 17, 18, 23]. Magistrate Judge LaKeysha Greer Isaac subsequently stayed the case on November 16, 2022, on Defendant's unopposed motion. [Docket Nos. 19, 20, 21].

## I.   BACKGROUND

### A.  Plaintiff's Complaint

On May 25, 2024, Plaintiff filed suit against her former employer, Defendant, for sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"). [Docket No. 1].

Plaintiff alleges as follows: Plaintiff began working for Defendant as a cashier in June 2021. *Id.* at ¶6. Between July 6 and July 13, 2021, Plaintiff's District Manager, Corey Porter "continuously and consistently made improper and lewd sexual comments and remarks to Plaintiff, and otherwise created a hostile working environment for Plaintiff because of Plaintiff's gender" against Plaintiff's wishes. *Id.* at ¶¶7, 8. Specifically, on July 6, while the two were alone, preparing to open the store, Porter "asked Plaintiff if she needed a hug, and she replied that she did not like to be touched." *Id.* On a subsequent day, "Plaintiff was alone washing dishes and Mr. Porter walked up behind her and hit her back." *Id.*

On July 13, 2021, Porter "grab[bed] Plaintiff's phone from her back pant's [sic] pocket several times and he stated that he was looking for her pictures," told "Plaintiff that he wanted to see her tattoos because he was thinking of getting his wife a tattoo on her buttock," and again "hit

Plaintiff hard in the back." *Id.* Allegedly, Plaintiff's General Manager witnessed these incidents and "told [Porter] that if Plaintiff did not come in the next day, he was not to say anything about it." *Id.* "Plaintiff informed the General Manager that if she resigned from her job, it would be because of Mr. Porter. The General Manager in turn offered Plaintiff one dollar more per hour." *Id.* The same day, "while Plaintiff was bent over[,] Mr. Porter kneed her in the buttock" and "took Plaintiff's phone again[,] this time holding it over his head, so Plaintiff was not able to reach it," telling her that he would "catch her slipping one day." *Id.* Two other employees were present. *Id.* After her shift, Plaintiff informed the General Manager by text that she would not return to work. *Id.* Citing the severity of Porter's treatment, Plaintiff alleges that her resignation on July 13 amounted to "constructive[] discharge" and that Defendant "knew or reasonably should have known of [Porter's] conduct." *Id.* at ¶¶8, 10. Plaintiff demanded trial by jury and seeks money damages in a variety of categories. *Id.* at ¶¶10–12, Prayer for Relief.

Plaintiff alleges that she "filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a favorable determination." *Id.* at ¶8. Plaintiff filed with her Complaint what Plaintiff calls a "Right to Sue Letter." *Id.* Plaintiff generally alleges that "[a]ll other prerequisites to filing this suit have been met." *Id.*

On inspection, the "Right to Sue Letter" is a "Dismissal and Notice of Rights" form issued on March 8, 2022. *Id.*, Ex. A. The letter is on EEOC letterhead, is addressed to Plaintiff, and lists Plaintiff's EEOC representative as Investigator Cassandra Evans-Brown. *Id.* The letter contains a "Charge No." of "423-2021-01109" in the header. *Id.* The letter begins by noting that the EEOC was "closing this charge because [Plaintiff's] charge was not filed within the time limits under the law; in other words, [Plaintiff] waited too long after the date of the alleged discrimination to file [her] charge." *Id.* The letter then goes on to give "Notice of [Plaintiff's] Right to Sue," in which

the EEOC informs Plaintiff that Plaintiff must "file a lawsuit against the respondent(s) on this charge under federal law" within 90 days. *Id.*

### B. Defendant's Subsequent Factual Submissions

Defendant thereafter filed the instant motion for judgment on the pleadings, arguing that "Plaintiff ha[d] failed to state a plausible claim for relief due to her failure to timely exhaust her administrative remedies." [Docket No. 8] at ¶6. Specifically, Defendant argued that Plaintiff "did not file her EEOC Charge until February 16, 2022—over a month after the 180-day deadline to file a charge." *Id.* at ¶3. In support, Defendant submitted to this Court a copy of Plaintiff's EEOC Form 5 Charge of Discrimination. *Id.*, Ex. A. The form bears the "Agency(ies) Charge No(s)" of "423-2021-01109," Plaintiff's name, home phone number, and address, the name, address, and approximate number of employees of Defendant, the date range of alleged discrimination, a short, written narrative recounting similar facts to those Plaintiff later pled in her Complaint, and a "Charging Party Signature" section, reading:

> I declare under the penalty of perjury that the above is true and correct.
>
> Digitally Signed By: Debra E. Andrews
>
> 02/16/2022

*Id.*

### C. Plaintiff's Subsequent Factual Submissions

To support her opposition, Plaintiff filed several factual submissions, including through numbered paragraphs of a Response and an attached notarized affidavit with exhibits, [Docket No. 12] at ¶1-7; [Docket No. 13], Ex. 1, Exs. A–F, including as follows:

Plaintiff "filed with the EEOC online to report the sexual harassment by Corey Porter while employed at Zaxby's" on July 19, 2021, and "was assigned an appointment of August 6" for an

Page 4 of 20

interview. *Id.*, Ex. 1 at ¶1. Plaintiff does not declare what was involved in "fil[ing] with the EEOC online," but in her response pleads that she "filed her initial inquiry (questionnaire) online, and subsequently received email confirmation of said inquiry." *Id.*, Ex. 1 at ¶1. Plaintiff attaches in support her emailed appointment confirmation, which, per the metadata, appears to have been pulled from the online EEOC Public Portal on July 19, 2021. *Id.*, Ex. 1 at Ex. A. The confirmation lists Plaintiff's name and contact information, along with the "Jackson" office address and an "Appointment Code" of "423-2021-01109." *Id.* At the end of the confirmation, the EEOC invites Plaintiff to "click 'Next' below to answer a few important questions about [her] inquiry." *Id.*

Plaintiff subsequently spoke on the phone with Investigator Evans-Brown for approximately eleven minutes on August 6, 2021, based on Plaintiff's phone logs. *Id.*, Ex. 1 at ¶2, Ex. B. Plaintiff does not describe the conversation. *Id.*

Plaintiff did not receive any contact from the EEOC until December 6, 2021. *Id.*, Ex. 1 at ¶4. Plaintiff repeatedly logged into her EEOC portal to monitor her status. *Id.* at ¶3. Plaintiff's counsel also emailed jackson.intake@eeoc.gov on November 10, 2021, with Plaintiff's name and "423-2021-01109" in the subject line, requesting an update and attaching a letter of representation. *Id.*, Ex. 1, Ex. C. Plaintiff pleads that "said letter made [the EEOC] aware of issues with the online portal and requested an update on the claim as the deadline[3] was quickly approaching." *Id.* at ¶4.

Plaintiff declares she called Investigator Evans-Brown on December 6, 2021, for an update—though the attached call logs show Evans-Brown called Plaintiff. *Id.*, Ex.1 at ¶4, Ex. D.

Evans-Brown thereafter emailed Plaintiff on January 25, 2022, stating:

---

[3] The EEOC is "is empowered … to prevent any person from engaging in any unlawful employment practice as set forth in" related code sections, but, first, a complainant shall file "a charge … within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e–5(a), (e)(1).

Page 5 of 20

> Our office has been trying to contact you regarding an inquiry you submitted in our office with the intent to file a charge. A charge has been prepared and sent to you on 12/6/2021. Please contact us if you wish to continue to file a charge.

*Id.*, Ex. 1 at ¶5, Ex. E. Plaintiff declares this was the first communication she or her attorney received from the EEOC since the December 6, 2021, call. Plaintiff says she never received the prepared "charge" the EEOC referenced, and Evans-Brown had not mentioned an available charge to be signed on that phone call. *Id.*, Ex. 1 at ¶3, 5, 7. Plaintiff called Evans-Brown, and Evans-Brown informed her "that [her] charge was supposed to be signed on December 6, 2021, and that now it had expired [and her] only recourse was to go the Right to Sue route." *Id.* at Ex. 1, ¶5.

Plaintiff's call logs show she called Investigator Evans-Brown again on February 16, 2022, for a twelve-minute phone call, and received a one-minute phone call in return about twenty minutes later. Plaintiff declares she received confirmation[4] of filing on that day. *Id.*, Ex. 1, ¶6.

## II. LAW AND DISCUSSION

### A. Standing of Motion

Defendant has moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, seeking dismissal with prejudice for Plaintiff's purported failure to state a claim upon which relief may be granted. [Docket No. 8].

#### 1. *Waiver*

While motions to dismiss for failure to state a claim upon which relief can be granted ordinarily "must be made before pleading if a responsive pleading is allowed," Fed. R. Civ. P. 12(b), this Court is satisfied that Defendant did not waive its exhaustion argument by failing to move prior to its responsive pleading. In Defendant's answer, Defendant included affirmative

---

[4] Plaintiff claims this was via an attached confirmation email, but the attachment is actually a call log. *Id.*, Ex. 1 at ¶6, Ex. F.

defenses that "[t]he Complaint fails to state a claim upon which relief can be granted, in whole or in part," and "Plaintiff's claims are barred … by any applicable statute of limitations."[5] [Docket No. 6] at 1. Defendant also asserts that "Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies" by way of affirmative defense and responsive pleading—albeit errantly[6] asserting that this presents an "jurisdiction[al]" issue. *Id.* at 1, 4–5. Further, a "[f]ailure to state a claim upon which relief can be granted … may be raised: … by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2).

### 2. Standards of Review

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)," and "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (internal citations omitted). This Court determines whether, accepting Plaintiff's facts as true, *id.*, Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

---

[5] That said, such conclusory affirmative defenses stand on shaky ground. Defendant listed *nineteen* affirmative defenses, the majority of which are unsupported by well-pled factual allegations. Courts disfavor this type of "shotgun pleading" style "where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *See, e.g.*, *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) (quoting *Rodgers v. Lincoln Towing Serv., Inc.*, 596 F.Supp. 13, 27 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)), *recognized as abrogated on other grounds by Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 n.18 (5th Cir. 1994).

[6] *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 139 S. Ct. 1843, 1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").

Rule 56"[7] and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). As an exception, the court may consider attached documents "that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (per curiam) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

In their filings on this motion, both Defendant and Plaintiff have made evidentiary offerings outside of what was filed with their initial pleadings. Defendant attaches what Defendant purports[8] to be Plaintiff's signed EEOC Form 5 Charge of Discrimination. [Docket No. 8], at ¶5, Ex. A. Plaintiff attaches her own notarized affidavit and several supporting exhibits. [Docket No. 13], Ex. 1. Defendant posits its own exhibit should be "considered part of the pleadings" because Plaintiff pled filing a charge but did not attach a copy, and Defendant does not object to Plaintiff's evidence. [Docket No. 9] at 5 (quoting *Carter v. Target Co.*, 541 Fed. App'x 413 (5th Cir. 2013) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); [Docket No. 14]. Plaintiff does not object to Defendant's exhibit and offers no argument as to how this Court should treat her own evidence. *See generally* [Docket Nos. 12, 13].

Because the parties "present[ed] documents outside the pleadings and ask[ed] the Court to review them," this Court decides "whether [the] motion for judgment on the pleadings should be converted to one for summary judgment." *See Buckhalter v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, No. 3:22-cv-131-KHJ-MTP, 2023 WL 9233807, at *3 (S.D. Miss. Feb. 3, 2023). Neither party has requested conversion. Indeed, Defendant indicates the Court should treat

---

[7] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)).

[8] Defendant does not authenticate this document by declaration, nor explains its source, *see generally* [Docket Nos. 8, 9], but Plaintiff does not object. *See generally* [Docket Nos. 12, 13].

Defendant's evidence as intrinsic to the pleadings and its motion as one under Rule 12(b)(6). *See supra.* This Court finds that, while it has reviewed the evidence to determine appropriate relief, this Court has not relied on extrinsic evidence (i.e., "matters outside the pleadings") to adjudge on the pleadings.[9] *See infra.* This Court therefore evaluates this motion as under Rule 12(b)(6), even with the submissions of the parties.[10]

### B. Administrative Exhaustion

A plaintiff generally may not file suit in federal court under Title VII without first exhausting administrative remedies. This requires (1) filing a timely charge with the EEOC and (2) receiving a notice from the EEOC of the right to sue. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).

> Administrative exhaustion is not a jurisdictional requirement, but neither is it merely a procedural "gotcha" issue. Instead, administrative exhaustion is a mainstay of proper enforcement of Title VII remedies and exists to facilitate the EEOC's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws.

*Id.* (cleaned up; internal quotations omitted). "A charge under [Title VII] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S. Code § 2000e–5(e). The EEOC provides Form 5 Charge of Discrimination, and a properly completed form will likely satisfy the first step of administrative exhaustion.

---

[9] For the purposes of this order, this Court considers the evidence attached by Defendant and Plaintiff as evidence referred to in Plaintiff's complaint (i.e., in Plaintiff's allegations that she "filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)" and that "[a]ll other prerequisites to filing this suit have been met," [Docket No. 1] at ¶8) and central to her claims. Due the timing of Defendant's motion, Plaintiff did not have the opportunity to amend her complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). This Court thus further treats her evidence as a proffer that Plaintiff could cure a defect by amending.

[10] However, assuming *arguendo* that the Court were to convert this motion into one for summary judgment, this Court would similarly treat Plaintiff's allegations and inferences as true and would likely come to the same conclusions as herein.

Here, Plaintiff interviewed with EEOC Investigator Evans-Brown and alleges she filled out an intake questionnaire on July 19, 2021, within days of the alleged discrimination. [Docket No. 13], Ex. 1 at ¶1, Exs. A, B. Plaintiff thereafter signed—and received confirmation of submission of—a formal EEOC Form 5 on February 16, 2022, over a month after the 180-day deadline. [Docket No. 8], Ex. A; [Docket No. 13], Ex. 1 at ¶6. The EEOC notified Plaintiff of her right to sue on March 8, 2022. [Docket No. 1], Ex. A.

### 1. Excusal of Untimely Charge

Plaintiff argues that, should the signed February 16, 2022, EEOC Form 5 be considered the operative charge, "Plaintiff should not be punished" for its tardy signing. [Docket No. 13] at 3. Rather, Plaintiff asserts that "Plaintiff and her counsel [were] diligent in their efforts to file a charge within the statutory time limits" and the fault for the motion's tardiness lies with the EEOC (i.e., "due to the untimely response and inactions of Investigator Evans-Brown"). *Id.* The Court construes this argument as a request for this Court equitably to toll Plaintiff's charge-filing deadline, given neither the EEOC nor Evans-Brown are parties to this matter. *Accord* [Docket No. 14] at 1, 3–5 (Defendant reaching the same conclusion).

The court may toll or excuse a deadline when fairness or equity demand, akin to "enlarg[ing] the statute of limitations." *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). This Circuit and the Supreme Court already have established that "filing a timely charge of discrimination with the EEOC … is subject to … equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). Thus, "the application of equitable tolling [is] a fact-specific, discretionary matter" for this Court to determine. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

"Equitable tolling is to be applied 'sparingly[,]'" and "[t]he plaintiff has the burden[.]" *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) and *Wilson v. Sec'y, Dep't*

*of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir.1995) (per curiam)). The Fifth Circuit has identified "at least three bases for equitable tolling" in the Title VII context:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Id.* (citation omitted). Generally, a party seeking equitable tolling must show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). What is an "extraordinary circumstance" will vary by case.

Plaintiff exercised some degree of diligence in pursuing her rights: she contacted the EEOC days after the alleged discrimination, "consistently logged into [her] portal and contacted Investigator Evans-Brown for a status on [her] claim," and retained an attorney to represent her in her claim. [Docket No. 13], Ex. 1 at ¶¶1, 3, 7. This Court, however, does not find that Plaintiff was prevented from timely filing due to "negligence" by Investigator Evans-Brown. *Id.*, Ex. 1 at ¶8. Plaintiff's call records show that Investigator Evans-Brown called Plaintiff on December 6, 2021, and talked to Plaintiff for over twenty minutes. *Id.*, Ex. 1, Ex. D. Even if Plaintiff is correct that Plaintiff called Investigator Evans-Brown, the call records would show that the Investigator made herself available immediately for a long, unexpected phone call. *Id.* Investigator Evans-Brown also claims that she prepared and sent Plaintiff a charge on December 6, 2021. *Id.*, Ex. 1, Ex. E. There is no evidence that Plaintiff attempted to contact the EEOC or Investigator Evans-Brown for an update in the following month prior to the deadline. Therefore, Plaintiff and her counsel's allegations of negligence based on not "receiv[ng]" updates or the charge, even if true, ring hollow. *Id.*, Ex. 1 at ¶3, 5, 7. Further, none of the Fifth Circuit's enumerated bases for equitable tolling justifies that remedy under these facts.

Plaintiff's counsel was involved as early as November 2021, when she emailed a letter of representation to the EEOC's intake email. *Id.*, Ex. 1 at ¶3. According to Plaintiff's response, which is unsupported by an attorney declaration or a copy of the letter, the letter of representation "requested an update on the claim as the deadline was quickly approaching." *Id.* at ¶4. This indicates Plaintiff's counsel was at least aware of an impending deadline, and this Court presumes Plaintiff's counsel had the requisite knowledge and experience to be aware of the specific EEOC charge-filing deadlines. Despite knowing of a deadline limiting her client's rights, purportedly receiving no response or update from the EEOC, and purportedly being unable to log in to the EEOC portal, Plaintiff's counsel chose not to call or contact the EEOC again prior to the deadline or otherwise ensure her client's charge timely was filed.

Courts are more "reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Granger*, 636 F.3d at 712. "[E]gregious behavior" by an attorney may be a circumstance justifying equitable tolling. *Holland*, 560 U.S. at 651. "[A] garden variety claim of excusable neglect" is not. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Here, Plaintiff does not fault her own attorney or allege ineffective assistance of counsel; she instead declares, "[I]t is … no fault of my own or my counsel that I was not timely notified that my charge was available and had not been signed." [Docket No. 13], Ex. 1. The situation appears as simple neglect, and this Court does not find "egregious behavior" by Plaintiff's counsel justifying equitable tolling.

For the foregoing reasons, the Court declines equitably to toll the statutory time limit for Plaintiff's requirement to file a charge of discrimination with the EEOC. [Docket No. 13] at 3.

### 2. Existence of a Timely Charge

Because Plaintiff will not be excused for the tardiness of her signing of the EEOC Form 5 Charge of Discrimination, this Court now considers her alternative argument—that Plaintiff

"satisfied the … Title VII requirements when she filed the questionnaire and completed the initial phone interview with Investigator Evans-Brown." [Docket No. 13] at 3. Substantively, Plaintiff argues that she *did* file a charge with the EEOC, prior to the statutory deadline. *Id.*

### a. Legal Principles and Issue

"To exhaust, however, a claim need not always arise from the EEOC charge *form*. In some circumstances, other documents can serve as a charge." *Ernst*, 1 F.4th at 337. In *Federal Express Corporation v. Holowecki*, the Supreme Court held that "if a filing is to be deemed a charge it [A] must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee" and [B] must include the information required by regulations. 552 U.S. 389, 402 (2008); *see also* 42 U.S.C. § 2000e–5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."). Under this framework, the Court decided that a completed "Intake Questionnaire" along with an affidavit asking the EEOC to "force Federal Express to end their age discrimination plan" was properly a charge for exhaustion purposes. *Id.* at 405.[11] In *EEOC v. Vantage Energy Services, Inc.* (which Plaintiff cites), this

---

[11] The Court in *Holowecki* made its determination through an administrative deference framework and cited *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which the Supreme Court has overruled after the briefing of this motion. *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360, at *22 (U.S. June 28, 2024). This Court finds that the holding of *Holowecki* remains sound for several reasons, including:

(1) the *Loper Bright* Court indicted it does "not call into question prior cases that relied on the *Chevron* framework," and "[t]he holdings of those cases .. are still subject to statutory *stare decisis* despite our change in interpretive methodology," *id.* at *21;

(2) the *Holowecki* Court was able to justify its holding without *Chevron* deference, instead applying *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), *see* 552 U.S. at 399–403, which *Loper Bright* did not overrule, *see* 2024 WL 3208360, at *17; and

(3) because Plaintiff's alleged exhaustion would have taken place prior to *Loper Bright*, Plaintiff, Defendant, and the EEOC would have all understood the charge-filing requirements under the *Holowecki* framework per the "presumption of legal knowledge" maxim.

Circuit confirmed that *Holowecki*'s holding extends to Title VII. 954 F.3d 749 (per curiam), *cert. denied* 141 S. Ct. 1048 (2021).  The court confirmed that an "intake questionnaire" was a filed charge where the claimant provided the information required by regulation and "checked 'Box 2' on the questionnaire, which states 'I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above'" to meet "*Holowecki*'s additional request-to-act condition." *Id.* at 754–55.

The Equal Employment Administration sets forth its charge-filing requirements via regulation:

- "[T]he term[] <u>file</u> … shall include <u>all forms of digital transmission</u>." 29 CFR § 1601.3(b) (emphasis added).

- "A charge shall be <u>in writing and signed</u> and shall be <u>verified</u>." § 1601.9 (emphasis added).  "[T]he term <u>verified</u> shall mean sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, <u>or supported by an unsworn declaration in writing under penalty of perjury</u>." § 1601.3(a) (emphasis added).

- "Each charge should contain the following:

    (1) The <u>full name and contact information of the person making the charge</u> except as provided in § 1601.7;

    (2) The <u>full name and contact information of the person against whom the charge is made</u>, if known (hereinafter referred to as the respondent);

    (3) A <u>clear and concise statement of the facts, including pertinent dates</u>, constituting <u>the alleged unlawful employment practices</u>: See § 1601.15(b);

>> (4) If known, the <u>approximate number of employees of the respondent employer</u> or the approximate number of members of the respondent labor organization, as the case may be; and
>>
>> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency."

§ 1601.12(a) (emphasis added).

Additionally:

> Notwithstanding the provisions of paragraph (a) of this section, <u>a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge</u>, or to clarify and amplify allegations made therein. <u>Such amendments</u> and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge <u>will relate back to the date the charge was first received</u>. …

§ 1601.12(b) (emphasis added).

Plaintiff's EEOC Form 5 already checks off each requirement. It is in writing, signed, and verified because Plaintiff's digital signature is accompanied by a declaration "under the penalty of perjury that the above is true and correct." [Docket No. 8], Ex. A; 29 CFR § 1601.3(a). Plaintiff listed her name and contact information, Defendant's name and address, an approximate number of Defendant's employees, and a statement of "particulars" including specific dates and alleged discriminatory acts. *Id.*; § 1601.12(a). To the extent Plaintiff submitted an intake questionnaire or other statement that did not include any specific requirement, the later submitted, verified Form

5 amends it to cure any technical defects that relates back to the date of the intake questionnaire (including verification itself). § 1601.12(b); *see also Vantage Energy*, 954 F.3d at 756 (in a similar factual scenario, noting that "verification of a charge (and, by extension, an intake questionnaire that qualifies as a charge) can occur outside the filing period") (citing *Edelman v. Lynchburg College*, 535 U.S. 106, 113, 118 (2002)).

Plaintiff must still have taken some minimum actions to have exhausted her claim: Within 180 days of the alleged discrimination, she must have filed with the EEOC (perhaps by transmission through an online portal or email) "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," that meets *Holowecki*'s request-to-act condition. § 1601.3(b); § 1601.12(b).

### b. Sufficiency of Plaintiff's Pleadings

Plaintiff's complaint alleges that she "filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a favorable determination. A true and correct copy of the Right to Sue Letter to Plaintiff is attached hereto as Exhibit 'A'." [Docket No. 1] at ¶8 (emphasis added).  Nothing in the numbered paragraphs of the Complaint states a "charge of discrimination" was filed *before* the deadline.  This Court cannot simply infer timeliness in Plaintiff's favor; Plaintiff notes only a single charge in her complaint, and its timeliness is contradicted by the Right to Sue Letter, which states that the "charge was not filed within the time limits under the law," and the filed Form 5, which was signed after the deadline. [Docket No. 1], Ex. A; [Docket No. 8], Ex. A.

Plaintiff also alleges that "[a]ll other prerequisites to filing this suit have been met." [Docket No. 1] at ¶8.  Defendant argues that this is a "blanket allegation … insufficient to survive dismissal," quoting case law that "conclusory statement[s]" are inadequate.  [Docket No. 9] at 5–

6 (citing case law including *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) and *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013)). But "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

Although not raised by the parties, the Court considers whether Rule 9(c) of the Federal Rules of Civil Procedure may sustain Plaintiff's complaint. The *Vantage Energy* court noted that the "fail[ure] to plead with specificity that [claimant] timely filed his charge" was not fatal, as this is a "condition[] precedent to suit governed by Rule 9(c), which, … c[an] be and w[as] generally pled." *Vantage Energy*, 954 F.3d at 753 n.4 (emphasis added).[12] This Court, however, finds that Plaintiff's allegation was not a well-pled Rule 9(c) statement because Plaintiff splits her allegations: she pleads that she filed a charge (and does not say when) *and then* states "[a]ll other prerequisites to filing this suit have been met." [Docket No. 1] at ¶8 (emphasis added). The scope of these "conditions precedent" does not include charge-filing. Even if it did, as Defendant points out, the allegation is belied by the intrinsic evidence showing Plaintiff's Form 5 was filed after the deadline. [Docket No. 9] at 5–6.

Plaintiff's later-submitted evidence does not rescue her complaint. While Plaintiff avers that she completed an intake questionnaire, she submits no evidence or allegation that the questionnaire met *Holowecki*'s request-to act condition, and the intake questionnaire is not before this Court. *Compare Goode v. Early Encounters, Inc.*, No. 2:21-CV-152-RPM, 2022 WL 4488010, at *1 (S.D. Miss. Sept. 27, 2022) (denying motion to dismiss after plaintiff attached her

---

[12] (citing CHARLES A. WRIGHT & ARTHUR R. MILLER, 5A FED. PRAC. & PROC. CIV. § 1303 (4th ed.) for the proposition, "[I]f the defendant properly challenges the subdivision (c) allegation, a disputed issue will have been raised that may be resolved only on a summary judgment motion or at trial.").

questionnaire, in which "box 2" was checked, to her opposition for the court's consideration). Investigator Evans-Brown hints that Plaintiff met the request-to-act condition, referencing "an inquiry you submitted in our office with the intent to file a charge" in her January 2022 email. [Docket No. 13], Ex. 1 at ¶5, Ex. E.  Given Plaintiff's multiple phone calls with Investigator Evans-Brown, however, it is unknown whether this "intent" was "submitted" verbally or in writing.  If Plaintiff had shown it was the latter, it would demonstrate exhaustion.

c. Amendment of Pleadings

While this Court is not yet convinced that Plaintiff has adequately pleaded exhaustion, this Court is also not yet convinced that Plaintiff's suit should be dismissed with prejudice.  The Federal Rules of Civil Procedure direct this Court to "freely give[s] leave" for parties to amend their pleadings when justice so requires."  Fed. R. Civ. P. 12(b).  This Court finds that justice requires providing Plaintiff an opportunity to cure this exhaustion problem.

First, ordinarily, Defendant would have raised a Rule 12(b)(6) motion to dismiss prior to filing its answer.  In that scenario, Plaintiff could have amended her complaint to submit additional evidence of exhaustion without consent from Defendant or leave of this Court.  Fed. R. Civ. P. 15(a)(2).  Defendant deprived Plaintiff of that opportunity by raising this motion after the time for amendments as a matter of course had elapsed.

Second, amendment is not likely to be futile.  Plaintiff had multiple interviews with Investigator Evans-Brown.  [Docket No. 13], Ex. 1 at ¶¶2, 4, Exs. B, D.  Plaintiff's appointment confirmation shows that she at least provided her name, contact information, and local EEOC office (City of Jackson) to the EEOC, and the EEOC invited her to provide more information.  *Id.*, Ex. 1 at ¶1, Ex. A.  Indeed, this July 2021 confirmation bore a code that the verified Form 5 and Right to Sue Letter later identified as her "Charge No." *Id.*; [Docket No. 1], Ex. A; [Docket No.

8], Ex. A.  Plaintiff alleges she submitted an intake questionnaire, and Investigator Evans-Brown states that she made an inquiry "with the intent to file a charge." *Id.*, Ex. 1 at ¶5, Ex. E.  Evidently, Plaintiff had provided Investigator Evans-Brown with enough information that the latter could prepare and send her a charge for signing by December 2021.  *Id.*

Third, although Plaintiff did not demonstrate the diligence and impediment required to justify equitable tolling (*see supra*), Plaintiff *did* contact the EEOC almost immediately after the alleged discrimination took place.  [Docket No. 13], Ex. 1 at ¶1, Ex. A.  This at least shows Plaintiff's then-existing intent to pursue her remedies through administrative channels.

Fourth, this Court wishes to guard itself and the parties from the possibility that Plaintiff's suit is frivolous.  Plaintiff clearly understands *Holowecki*'s request-to act condition, as she highlighted *Vantage Energy*'s requirement that "box 2 of the questionnaire is checked saying that the claimant wants to file a charge" in a motion response otherwise bereft of argument and analysis. [Docket No. 12] at ¶8.  Yet, despite introducing various pieces of evidence, including call-logs, Plaintiff does not append a copy of her intake questionnaire to her opposition.  Defendant calls this omission "telling[]," [Docket No. 14] at 2, and this Court shares Defendant's concern.  Further, Plaintiff does not even allege in her affidavit that she checked "box 2" of the questionnaire.  This case should not proceed through lengthy and costly discovery and litigation only for the Court and parties to discover at the eleventh hour that the claims are barred by a threshold exhaustion issue. The true explanation may be benign: perhaps Plaintiff did not have time to find or request a copy of her questionnaire by the due-date of her motion response.[13]  But a long time has now passed, and this Court will give Plaintiff two more weeks to amend her complaint.

---

[13] This Court notes for record clarity that Plaintiff's stricken sur-reply also did not append a copy of this intake questionnaire.

### III.     CONCLUSION

This Court will proceed with this case if Plaintiff can present a written statement pre-dating the deadline, that [A] may be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee and [B] meets the criteria for a charge under 29 CFR § 1601.12(b).  If Plaintiff is unable adequately to demonstrate that such a written statement existed, the Court will be inclined to grant Defendant's motion and dismiss this action with prejudice.  To allow Plaintiff to so demonstrate, this Court will grant Plaintiff leave to amend her complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is **DENIED without prejudice**, and Plaintiff has **two (2) weeks as of the date of this order** to file with the court an amended complaint that refers to and—*in addition to* Plaintiff's signed EEOC Form 5 and the presently pled Right to Sue letter—attaches as an exhibit Plaintiff's initial intake questionnaire or otherwise adequately demonstrates that Plaintiff filed a timely charge with the EEOC that meets the requirements discussed herein.  Besides regarding administrative exhaustion, no additional amendments are permitted.  Thereafter, Defendant will have **two (2) weeks** to file its responsive pleading or motion.

SO ORDERED this the   25th   day of  September , 2024.

/s/ HENRY T. WINGATE
HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE