# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DEBRA ELIZABETH ANDREWS**                                      **PLAINTIFF**

**vs.**                                          **CIVIL ACTION No.: 3:22-CV-00276-HTW-LGI**

**1788 CHICKEN, LLC D/B/A ZAXBY'S**                             **DEFENDANTS**
**AND JOHN DOES 1-10**

## ORDER

**BEFORE THIS COURT** is a motion by Defendant 1788 Chicken, LLC d/b/a Zaxby's ("Defendant" or "Zaxby's") to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] [Docket No. 29]. Plaintiff Debra Elizabeth Andrews ("Plaintiff" or "Andrews"), argues Defendant, failed to sign and file a "charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") until after the expiration of the statutory deadline, thus failing administratively to exhaust her claim. Defendant argues that Plaintiff therefore failed to state a federal claim against Defendant upon which relief can be granted, warranting dismissal under Rule 12(b)(6). Defendant also argues that Plaintiff's new state law claims and additional defendants should be dismissed as unauthorized amendments.

Finding it plausible that Plaintiff, upon discovery, may prove her contention that she "exhausted administrative remedies," this Court **denies** Defendant's motion to dismiss on that basis. This Court, however, **strikes** Plaintiff's complaint and instructs her to refile in accordance with this Court's prior order within one week of this order. Defendant shall have two weeks thereafter to file its answer.

---

[1] "[A] party may assert the following defenses by motion: [including] failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

I.  BACKGROUND

Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"),[2] alleging that she suffered sexual harassment at the hands of a supervisor while working at a Zaxby's restaurant, leading to her resignation—which she labels a "constructive discharge." Defendant, in response, filed a motion for judgment on the pleadings, attaching Plaintiffs' verified Charge of Discrimination. Defendant argued that, because Plaintiff had executed that Charge after the statutory 180-day time limit to do so, she had failed timely to exhaust her administrative remedies, warranting dismissal. Plaintiff countered, with supporting evidentiary material, that the verified Charge was timely because she, within the 180-day window, had filed an intake questionnaire with the EEOC, citing *EEOC v. Vantage Energy Services, Inc.*, 954 F.3d 749 (5th Cir. 2020) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008)).

This Court entered an order denying Defendant's motion, without prejudice, which order is incorporated herein. [Docket No. 27]. This Court determined that Plaintiff's EEOC Form 5, which contained the requirements for a charge of discrimination, could relate back to the date of Plaintiff's original intake questionnaire, and cure technical defects in said questionnaire. *Id.* at 15–16 (citing 29 CFR §§ 1601.3, 1601.7, 1601.15, 1601.12). That said, this Court clarified that:

> Plaintiff must still have taken some minimum actions to have exhausted her claim: Within 180 days of the alleged discrimination, she must have filed with the EEOC … "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," that meets *Holowecki*'s request-to-act condition.

[Docket No. 27] at 16 (citing § 1601.3(b); § 1601.12(b)).  This Court permitted Plaintiff an opportunity to amend her complaint to shore up her allegations regarding exhaustion and to file a

---

[2] This Court, thus, finds that it has subject-matter jurisdiction under the federal question doctrine.

copy of the original intake questionnaire. *Id.* at 20. This Court cautioned that, "[b]esides regarding administrative exhaustion, no additional amendments are permitted." *Id.*

Plaintiff, thereafter, filed an amended complaint. [Docket No. 28]. This included revised allegations regarding "exhausted administrative remedies." *Id.* at ¶¶17–24. Plaintiff, in support, attached a copy of her EEOC intake questionnaire, an email she received from the EEOC investigator for her file, and the ultimate Charge of Discrimination, executed after the 180-day deadline. *Id.*, Exs. A–C. Plaintiff also added a variety of other new materials, including more detailed allegations, new defendants, and new causes of action (including state-law tort claims).

## II. LAW AND DISCUSSION

### A. Administrative Exhaustion

Defendant's motion flies under the banner of Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to state a claim upon which relief can be granted because Plaintiff did not adequately allege administrative exhaustion. To evaluate a Rule 12(b)(6) motion, this Court determines whether, accepting Plaintiff's facts as true (as this Court must), Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The exhaustion requirement for Title VII claims, and the narrowing of issues that led to this motion, are dealt with at length in this Court's prior order; so, this Court will not repeat that discussion. In short, Plaintiff needed to file her intake questionnaire so that this Court might determine whether it qualified as a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of, that also meets *Holowecki*'s "request-to-act requirement." *See infra.*

This "request-to-act requirement" is the featured question here. In *Holowecki*, the United States Supreme Court set out this "request-to-act requirement.". The Court explained that, while

"a wide range of documents might be classified as charges," a charge "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 402. The Court adopted a "'manifest intent' test," where "the filing must demonstrate an individual's intent to have the agency initiate its investigatory and conciliatory processes." *Id.* (internal quotations omitted). The Court explained that the document "must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes[.]" *Id.* Under this framework, the *Holowecki* Court decided that a completed "Intake Questionnaire" along with an affidavit asking the Equal Employment Opportunity Commission ("EEOC") to "force Federal Express to end their age discrimination plan" was "properly construed as a request for the agency to act." *Id.* at 405.

In *EEOC v. Vantage Energy Services, Inc.*, this Circuit held that an "intake questionnaire" met the "request-to-act [requirement]" because the claimant had "checked 'Box 2' on the questionnaire, which states: 'I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.'" 954 F.3d at 754–55; *see also Goode v. Early Encounters, Inc.*, No. 2:21-cv-152-RPM, 2022 WL 4488010, at *1 (S.D. Miss. Sept. 27, 2022) (denying dismissal where plaintiff filed a questionnaire, with the same box checked, for the court's consideration). Plaintiff's inquiry form in this case, however, does not contain such a check box which might have helped dispose the exhaustion issue.

Plaintiff's inquiry form has elements that weigh both for and against a finding that it satisfies the "request-to-act requirement." For example, Plaintiff's claim is assigned a "charge number" that later became the charge number on her verified Form 5 Charge of Discrimination.

If it is revealed that not every initial inquiry receives a charge number, this Court may find Plaintiff's intent manifest. *See Clay v. Sunrise Breach Corp.*, No. 5:10-cv-224, 2011 WL 13217900, at *7 (E.D. Tex. Apr. 25, 2011) ("The EEOC's interpretation of Waugh's questionnaire as sufficient to issue a charge number is entitled to great deference as it supports a finding the questionnaire was sufficient to constitute a formal charge of discrimination.").

Certain information Plaintiff provided on the form could move an objective observer to see the inquiry as a request-to-act. *See Holowecki*, 552 U.S. at 405 ("There might be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required, but the agency is not required to treat every completed Intake Questionnaire as a charge."). For example, Plaintiff clearly lays out the treatment she contends to have received on the job as "adverse actions," under a section using the terms "claim" or "complaint." [Docket No. 28], Ex. A. Plaintiff also characterizes the treatment as "[s]exual [h]arassment and assault," which Plaintiff "reported to [her] [s]upervisor." *Id.*

On the other hand, the form is not labeled a charge; instead, it is labeled as an "inquiry." The form also identifies Plaintiff as the "potential charging party," and provides an "approximate deadline for filing a charge." At least one judge has found that these elements in a pre-charge form weigh against exhaustion. *Hicks v. Acell Inc.*, No. 4:21-cv-30-PPS-APR, 2022 WL 2713651, at *3 (N.D. Ind. July 13, 2022); *see also Holowecki*, 552 U.S. at 405 ("Unlike EEOC Form 5, the Intake Questionnaire is not labeled a 'Charge of Discrimination'").

Plaintiff's inquiry form also does not contain a statement of purpose that might elucidate how the EEOC views the form, which some judges have found helpful. *Compare Clay*, 2011 WL 13217900, at *6 ("At the end of the questionnaire, the EEOC provides a notice under the "Principal Purpose" section of the Privacy Act Statement which reads '[c]onsistent with 29 C.F.R. 1601.12(b)

and 29 C.F.R. 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.'"), *with Featherston v. D.C.*, 910 F. Supp. 2d 1, 7 (D.D.C. 2012) (The questionnaire listed "'Principle purposes: Provid[ing] information from the Charging Party relevant to filing a charge of discrimination'; and 'Routine uses: This questionnaire is used to make an official determination whether facts exist to prepare a charge of discrimination.'").

This Court finds probative that, in an email to Plaintiff, an EEOC investigator referenced "an inquiry [Plaintiff] submitted in [the EEOC's] office *with the intent to file a charge*." [Docket No. 28], Ex. B (emphasis added). Given Plaintiff's multiple phone calls with the investigator, it is unknown whether this "intent" was communicated orally to the EEOC from the phone calls, or whether the EEOC intuited this intent from the written inquiry form. This Court would like to know what part of Plaintiff's written inquiry, if any, caused the EEOC to discern this intent (and whether the EEOC has standard practices, policies, or interpretations to help it make such discernments). That information might bear on the question of whether, "from the standpoint of an objective observer," Plaintiff requested the EEOC to "activate its machinery and remedial processes." *Holowecki*, 552 U.S. at 402.

Given these ambiguities, this Court is not prepared to conclude on the pleadings alone whether Plaintiff's intake questionnaire satisfied *Holowecki*'s "request-to-act requirement"—and, thus, whether Plaintiff indeed exhausted her administrative remedies before filing this suit. This Court, therefore, finds it most appropriate to deny the Defendant's Rule 12(b)(6) motion. The parties, thereafter, during the course of discovery, may further explore this issue of exhaustion. This Court, specifically, would like more information about how the local EEOC inquiry process works and what notices might be displayed to a claimant as he or she submits an inquiry that do not appear on the form that Plaintiff has submitted here. This may well require Plaintiff to take

third-party discovery from the EEOC. Defendant, then, shall be free to re-raise its exhaustion defense through a motion for partial summary judgment, after Plaintiff has had a reasonable opportunity to develop its record on this matter. On such a motion, this Court would like to see all relevant evidence and would like detailed briefing, with comparisons to case law, as to whether the inquiry form satisfies the "request-to-act requirement."

### B. Unauthorized Amendments

Defendant correctly argues that Plaintiff filed unauthorized amendments to her pleading. This Court granted Plaintiff leave to amend relative to administrative exhaustion, and nothing else. Plaintiff, nonetheless, added additional material, including new causes of action and defendants. Because the time had elapsed for Plaintiff to amend her pleading "as a matter of course," Plaintiff would need Defendant's written consent or this Court's leave to make these additional amendments. Fed. R. Civ. P. 15. Plaintiff received neither. Plaintiff's amendments, thus, were unauthorized.

This Court, accordingly, **strikes** Plaintiff's amended complaint. Plaintiff shall file a second amended complaint in compliance with this Court's orders. Should Plaintiff seek additional amendments, Plaintiff should file the appropriate motion seeking permission to do so (but, even then, must still file a complaint in compliance with this Court's prior orders).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's motion ([Docket No. 29]) is **DENIED**, and Plaintiff has **one (1) week from the date of this order** to file with this Court a Second Amended Complaint, which complies with this Court's prior order (that is, differing from Plaintiff's original complaint only in the material regarding administrative exhaustion which Plaintiff added in the first amended complaint). Defendant, thereafter, will have **two (2) weeks** to

file its responsive pleading. The case shall, thereafter, proceed to discovery without further delay—notwithstanding further motion practice—absent nonjudicial settlement or resolution.

**SO ORDERED** this the <u>   7th   </u> day of <u>          August          </u>, **2025.**

<u>**/s/ HENRY T. WINGATE**                         </u>
**UNITED STATES DISTRICT COURT JUDGE**